IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 05 2019

JEFFREY P. COLWELL
CLERK

Criminal Case No. 19-cr-00279-WJM-1

UNITED STATES OF AMERICA,

   Plaintiff,

v.

1. STEPHEN R. FLOWERS,

   Defendant.

---

## INFORMATION

---

The United States Attorney charges:

### COUNT 1
Bankruptcy Fraud and Aiding and Abetting

1. Beginning on or about March 1, 2015, and continuing through and including on or about September 4, 2015, in the State and District of Colorado and elsewhere, the defendant STEPHEN R. FLOWERS ("FLOWERS") and "Individual A" devised or intended to devise a scheme or artifice to defraud, the bankruptcy trustee, the bankruptcy court, and creditors, and for the purpose of executing or concealing such scheme or artifice or attempting to do so, made a false or fraudulent representation, claim, or promise concerning or in relation to a proceeding under the United States Bankruptcy Code, found at Title 11 of the United States Code, at any time before or after the filing of

a petition under Title 11, and aided and abetted the same.

*The Scheme*

2. As of March of 2015, Individual A was contemplating filing for personal bankruptcy and was in the process of preparing to file for bankruptcy.

3. On April 2, 2015, Individual A, as the debtor, filed a voluntary petition for bankruptcy under Chapter 7 of the federal bankruptcy code in the District of Colorado.

4. As part of the scheme, FLOWERS and Individual A worked together to fraudulently conceal various assets and income belonging to the bankruptcy estate of Individual A which should have been disclosed in connection with his bankruptcy.

*Concealment of Cash and Financial Transactions – Trophy Outfitters, Inc.*

5. As of March of 2015, Individual A controlled and operated a business called Trophy Outfitters, Inc. ("Trophy"). Trophy generated income by charging fees to hunters for its outfitter services and through its cattle investment program. FLOWERS assisted Individual A in the operation of Trophy and its various income producing activities prior to and during the bankruptcy proceedings. Individual A listed Trophy in his bankruptcy petition and related filings as one of the businesses which he operated as part of his financial affairs.

6. On April 1, 2015, FLOWERS, at Individual A's direction, closed a joint bank account entitled Trophy Outfitters, Inc. at Bank of the West, account no. ending in 8472 ("Trophy account"), and withdrew the remaining funds in the account which totaled

2

$34,678.65. In his bankruptcy petition filed on April 2, 2015, Individual A failed to disclose on his "Statement of Financial Affairs" that he controlled the Trophy account and that he authorized FLOWERS to close the account one day before he filed for bankruptcy.

7. On April 1, 2015, FLOWERS made a cash withdrawal of $5,000 from the Trophy account during the course of closing such account. FLOWERS then held the cash for the benefit of Individual A. In his bankruptcy petition filed on April 2, 2015, Individual A failed to disclose the fact that he controlled and possessed $5,000 in cash which FLOWERS was holding for his benefit. Instead, Individual A falsely claimed in his bankruptcy petition, schedule B, that he only had $20 cash on hand.

8. On April 1, 2015, FLOWERS, at the direction of Individual A, also purchased a cashier's check for $7,148.65 using funds from the Trophy account. In his bankruptcy petition and connected filings filed on April 2, 2015, Individual A failed to disclose the fact that he controlled and possessed $7,148.65 in funds which FLOWERS was holding for his benefit.

9. On May 27, 2015, at the direction of Individual A, FLOWERS later deposited the $7,148.65 in Trophy funds into a newly opened bank account which was used by FLOWERS and Individual A for purposes of continuing to operate Trophy's outfitting business under a different business name.

10. On August 25, 2015, at the direction of Individual A, FLOWERS opened a

3

new banking account at Bank of the West in the name of Trophy Outfitters, Inc. (account no. ending in 7921) ("New Trophy Account"). FLOWERS listed himself as the sole signatory on the New Trophy Account.

11. On September 1, 2015, Individual A wire transferred $20,000 into the New Trophy Account. Individual A obtained the $20,000 as the result of his sale of a New Holland hay baler for $44,000 on July 23, 2015. In his bankruptcy petition filed April 2, 2015, Individual A purposely concealed from the bankruptcy trustee his ownership and control of the hay baler which was an item of personal property that was required to have been listed on schedule B of his bankruptcy petition.

12. On September 1, 2015, FLOWERS, at Individual A's direction, provided a $56,450 check from the New Trophy Account to the "French Trinidad Company, LLC" for purposes of securing a hunting lease for ranch land used in the operation of Trophy's outfitting business.

13. The above financial transactions involving Trophy described in paragraphs nos. 9 through 12 of this Information all occurred at a time when Individual A remained in bankruptcy proceedings and under the jurisdiction of the bankruptcy court. Individual A, with assistance from FLOWERS, purposely concealed such transactions from the bankruptcy court, bankruptcy trustee, and creditors during the bankruptcy proceedings.

*Concealment of Income Generated through Nyberg Property*

14. As of March 1, 2015, Individual A leased approximately 1,400 acres of

irrigated farmland known as the Nyberg Property near Pueblo, Colorado. By virtue of his lease, Individual A controlled and owned grazing rights on the property which entitled him to bring cattle onto the Nyberg Property for pasturing and feeding. FLOWERS assisted Individual A in the management and operation of the Nyberg Property, including the grazing of cattle.

15. On or about March 2, 2015, at the direction of Individual A, FLOWERS advertised in newspapers and elsewhere that the Nyberg Property was available to sublease for cattle grazing.

16. On April 2, 2015, Individual A concealed on his bankruptcy petition and connected schedule C, that his lease for the Nyberg Property included valuable cattle grazing rights.

17. On April 27, 2015, FLOWERS incorporated "Stephen Flowers, Outfitter, Inc." ("SFO") with the Colorado Secretary of State.

18. On May 6, 2015, FLOWERS opened a bank account at Bank of the West (account ending in no. 8284), in the name of "Stephen Flowers, Outfitter, Inc."

19. On May 11, 2015, FLOWERS, at Individual A's direction, was actively involved in negotiating a "grazing lease agreement" with Celebrity Feeders, LLC ("Celebrity") involving the Nyberg Property.

20. On May 12, 2015, FLOWERS, at Individual A's direction, executed a "grazing lease agreement" with Celebrity in which he agreed to lease the Nyberg

5

Property to Celebrity for cattle grazing. Celebrity agreed to the terms of the lease with FLOWERS and issued a check to FLOWERS' business SFO for $33,750. Celebrity paid the funds as an initial installment for the right to graze cattle on the Nyberg Property for an approximately five month period. At the time, FLOWERS did not control the Nyberg Property and did not have the legal right to lease the property. Rather, FLOWERS leased the Nyberg Property at the direction of Individual A and for the benefit of Individual A.

21. On May 14, 2015, Individual A filed various amendments in connection with his bankruptcy case but again purposely omitted from his schedules the fact that he controlled valuable cattle grazing rights on the Nyberg Property. At the same time, Individual A also failed to disclose on his bankruptcy filings the income that he recently received from Celebrity, and was expecting to receive from Celebrity in the coming months, under the terms of the grazing lease agreement related to the Nyberg property.

22. As part of the scheme, FLOWERS and Individual A received three additional payments from Celebrity Feeders or its agents under the terms of a grazing lease agreement as follows:

(1) June 8, 2015 - $36,875

(2) August 11, 2015 - $35,500

(3) September 4, 2015 - $35,500

23. As part of the scheme, FLOWERS received the Celebrity lease payments in

6

his SFO bank account with Bank of the West. After receiving such funds, FLOWERS distributed and utilized the funds as directed by Individual A. Among other things, Individual A and FLOWERS used the funds for their personal benefit along with conducting various other business activities. Individual A would regularly direct FLOWERS as to the amount and manner by which the Celebrity funds were to be disbursed.

All in violation of Title 18, United States Code, Sections 157 and 2.

JASON R. DUNN
United States Attorney

By:  Tim R. Neff

TIM R. NEFF
Assistant United States Attorney
U.S. Attorney's Office
1801 California Street, Suite 1600
Denver, CO  80202
Telephone: (303) 454-0100
Fax:   (303) 454-0402
E-mail:  tim.neff@usdoj.gov

7